IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANE DOE NO. 2 and JANE DOE NO. 3, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 21-cv-00240-TCK-SH |
| OOLOGAH-TALALA INDEPENDENT ) | |
| SCHOOL DISTRICT NO. 4 OF ROGERS ) | |
| COUNTY, OKLAHOMA a/k/a Oologah- ) | |
| Talala Public Schools, et al, ) | |
| ) | |
| Defendants. ) | |

## **OPINION AND ORDER**

Before the Court is the motion of non-party Office of the Oklahoma Attorney General (the "OAG") seeking to quash Plaintiffs' subpoena of its investigative files. The undersigned finds that the OAG may withhold, at this time, the transcripts from the multicounty grand jury but must otherwise produce any responsive documents. The OAG may also withhold documents that are, in fact, privileged or protected, but it must provide a privilege log.

## **Background**

Plaintiffs have asserted claims against their public school and various district and school employees, relating to alleged sexual misconduct of school employee Trent Winters ("Winters") from 2018 to 2020. (ECF No. 23 ¶¶ 17, 26.) Winters resigned from the school in January 2020 and was charged with multiple misdemeanors in February 2021 for uttering obscene language to multiple female minors. (*Id.* ¶ 52; ECF No. 23-1 (No. CM-2021-136, Rogers Cty., Okla.)[1].) Winters was initially charged in a second case, CM-2021-

---

[1] The docket for CM-2021-136 is available at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=rogers&number=CM-2021-136&cmid=347612 (last visited May 1, 2023).

137, but this was consolidated into the first case. *See* Court Order, No. CM-2021-137 (Rogers Cty., Okla., Feb. 5, 2021).[2] The misdemeanor charges were brought directly by then-Attorney General Mike Hunter and not the local prosecutor. (ECF No. 23-1.) Winters pled no contest to the charges and was sentenced to five days in the Rogers County Jail and fined $250. *See* Minute, No. CM-2021-136 (Rogers Cty., Okla., Feb. 17, 2022).

On February 8, 2023, Plaintiffs in this civil action issued a subpoena to the OAG, seeking:

> Your complete investigative file pertaining to Trent Winters and CM-2021-136 & CM-2021-137, which includes any witness statements, photographs, grand jury transcripts, grand[] jury trial transcripts, recorded materials, and/or other tangible information relevant to the investigation against Trent Winters.

(ECF No. 69-1.) The OAG has filed a motion quash the subpoena, asserting the documents sought are work product and protected grand jury materials. (ECF No. 69.) Plaintiffs respond that at least some of the grand jury materials have already been provided to Defendant Winters, that a mere assertion of work product is not enough to shield the entire file, and that the Court can order the production of any grand jury materials contained in the file. (ECF No. 71.)

## Analysis

**I.    Grand Jury Materials**

The OAG first claims that its entire investigative file should be protected from discovery due to the need to protect grand jury secrecy. Oklahoma's statutes are not particularly illuminating regarding the secrecy of the proceedings of a multicounty grand

---

[2] The docket for CM-2021-137 is available at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=rogers&number=CM-2021-137&cmid=347613 (last visited May 1, 2023).

jury. *Griffin Television, Inc. v. Powers (In re Proc. of Multicounty Grand Jury)*, 1993 OK CR 12, ¶ 8, 847 P.2d 812, 814. Instead, the applicable statute merely states that disclosure of matters occurring before the multicounty grand jury may be used by the Oklahoma Attorney General in the performance of his duties and disclosed by him to law enforcement agencies as he considers essential to the public interest and effective law enforcement. Okla. Stat. tit. 22, § 355(A). Other participants in the grand jury may disclose such matters "only when so directed by the court," *id.*, except that witnesses may disclose their own testimony, *id.* § 355(C).[3] The Oklahoma Court of Criminal Appeals, however, has found a "general tenor of secrecy" surrounding grand jury proceedings. *Griffin Television*, ¶ 8, 847 P.2d at 814. As such, the state court has generally limited access to grand jury transcripts and hearings on requests for transcripts. *Id.* ¶ 10, 815.

This state law protection, however, applies only to the grand jury proceedings themselves and not to all investigatory material in the possession of the Oklahoma Attorney General. *See generally*, Okla. Stat. tit. 22, § 355. The OAG, therefore, cannot refuse entirely to respond to Plaintiffs' subpoena on this basis. That is, the OAG may assert grand jury secrecy as to the requested transcripts, but not to the rest of its investigative file.

Even as to the transcripts, the Court's inquiry does not necessarily stop with acknowledging the State of Oklahoma's interest in the secrecy of its grand jury proceedings. Instead, <u>federal</u> law determines the scope of privilege, and a state does not have "a veto over disclosure in [a] federal civil rights case." *U.S. ex rel. Woodard v. Tynan ("Tynan I")*, 757 F.2d 1085, 1089 (10th Cir.) (quoting *Socialist Workers Party v. Grubisic*,

---

[3] As such, this order does not pre-limit Plaintiffs' ability to request other parties or witnesses to produce documents in their possession, custody, or control.

619 F.2d 641, 644 (7th Cir. 1980)), *on reh'g ("Tynan II")*, 776 F.2d 250 (10th Cir. 1985) (en banc).[4] Rather, the Court would look by analogy to Fed. R. Crim. P. 6(e) and the balancing test set forth in *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 223 (1979).[5] *Tynan I*, 757 F.2d at 1090. Under that test, Plaintiffs have the burden of demonstrating that "there is a particular, not a general need for the material." *In re Lynde,* 922 F.2d 1448, 1452 (10th Cir. 1991) (quoting *United States v. Evans & Assocs. Const. Co.,* 839 F.2d 656, 658 (10th Cir.), *aff'd on reh'g*, 857 F.2d 720 (10th Cir. 1988)). The case where disclosure is appropriate is one where "the secrecy of the proceedings is lifted discretely and limitedly." *United States v. Procter & Gamble Co.,* 356 U.S. 677, 683 (1958).

Plaintiffs, however, have requested the entirety of the grand jury transcripts, citing only the helpfulness of having the testimony either to prove their claims or for impeaching or refreshing the recollection of witnesses, generally. (ECF No. 71 at 3.) While the Supreme Court has allowed that a "showing of particularized need" may arise "when a litigant seeks to use 'the grand jury transcript at the trial to impeach a witness, [or] to refresh his recollection,'" this was because disclosure could "be limited strictly to those

---

[4] Unlike this case, where the only question is whether the state policy of secrecy applies in federal courts, in *Tynan*, the Tenth Circuit was faced with a situation where a state court had issued a protective order prohibiting the disclosure of certain documents. *Tynan I,* 757 F.2d at 1092 n.2 (McWilliams, J., dissenting). This raised issues of comity that were of concern to the dissent, *id.* at 1093, and—eventually—the court *en banc.* On rehearing, the full court found that "the problems inherent in the instant case may be resolved by a course of action that does not require us to decide whether federal courts have the power to order a state court to release documents it has placed under seal." *Tynan II,* 776 F.2d at 251. Having found an alternative solution, the court chose to "neither disavow nor affirm the prior panel opinion." *Id.*

[5] This test requires parties "seeking grand jury transcripts under Rule 6(e) [to] show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil,* 441 U.S. at 223.

portions of a particular witness' testimony that bear upon some aspect of his direct testimony at trial." *Douglas Oil*, 441 U.S. at 222 n.12 (quoting *Procter & Gamble Co.,* 356 U.S. 677, 683)). Plaintiffs make no attempt to limit the portion of the grand jury materials they are requesting. Rather, they seek the complete transcripts because, to their knowledge, Defendants (two of whom they are aware of) offered testimony at the grand jury proceedings. (ECF No. 71 at 2-3.) As Plaintiffs have given no indication as to whether these named Defendants will actually testify at any future trial, they offer a broad justification for their need of the grand jury transcripts, arguing they contain "relevant information to either prove Plaintiffs' claims or provide testimony for impeachment and/or refreshment of witnesses." (*Id.* at 3.) This showing is not specific enough to overcome the grand jury's secrecy, even were the Court to apply the balancing test.[6] As Plaintiffs have made no attempt to "discretely" or "limitedly" lift the veil of secrecy, the OAG may withhold the grand jury transcripts at this time.

## II.     Work Product

The OAG then asserts that any documents in its file must be protected work product. The OAG may potentially have a claim of work product protection as to some documents in this case, but it cannot claim a blanket protection for all its files on this basis. Rather, the OAG must produce any non-privileged or non-protected information and provide a privilege log for the documents withheld.

---

[6] Were the Court to apply the balancing test set out in *Douglas Oil*, not only would it appear that Plaintiffs' requests were not "structured to cover only [the grand jury] material so needed," but it would also be unclear as to whether Plaintiffs have made a showing that disclosure of such material would be necessary to avoid possible injustice in the current proceedings. (*See* ECF No. 71 at 2-3 (merely arguing that the grand jury transcripts are broadly relevant as they will help Plaintiffs prove their claims).)

5

For guidance, the Court notes that it has previously analyzed work product claims by third parties and found that—in certain instances—they may claim work product protection under *Hickman v. Taylor,* 329 U.S. 495 (1947), at least where the purposes set forth in *Hickman* are implicated. *See Atchison v. City of Tulsa,* No. 21-CV-00286-TCK-SH, 2023 WL 3124729, at *5-6 (N.D. Okla. Apr. 27, 2023). Even then, certain factual, ordinary work product may be subject to production upon a showing of substantial need. *Id.* at *7.

However, to claim work product protection, the OAG must first provide a privilege log. Fed. R. Civ. P. 45(e)(2)(A). Such a privilege log should follow the format of LCvR 26-5. Here, the OAG has provided no such log, much less verified that all the documents in its possession were, in fact, prepared by its office in anticipation of litigation. Any analysis of the OAG's privilege claims as to specific documents is premature.

IT IS THEREFORE ORDERED that Non-Party Oklahoma Office of Attorney General's Objection to Plaintiffs' Subpoena Duces Tecum and Motion to Quash Subpoena (ECF No. 69) is GRANTED IN PART and DENIED IN PART. The OAG may withhold the multicounty grand jury transcripts. Otherwise, the OAG shall produce all non-privileged or non-protected information responsive to the subpoena by May 18, 2023. The OAG shall provide a privilege log compliant with Fed. R. Civ. P. 45(e)(2)(A) and LCvR 26-5 for any documents withheld as privileged or protected.

ORDERED this 11th day of May, 2023.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT