# United States District Court
## for the Northern District of Oklahoma

Case No. 21-CV-240-JDR-SH

Jane Doe No. 2; Jane Doe No. 3,

*Plaintiffs*,

*versus*

Oologah-Talala Independent School District No. 4 of Rogers County, Oklahoma, *also known as* Oologah-Talala Public Schools; *et al.*,

*Defendants*.

## OPINION AND ORDER

Plaintiffs Jane Doe No. 2 and Jane Doe No. 3 allege that Defendant Trent Winters subjected them to sexual harassment while various other Defendants knew of the harassment and failed to report it. Dkt. 23 at ¶ 17. Defendant Dewilton Rhoden, the School Resource Officer, has moved to dismiss the operative complaint [Dkt. 28], arguing that Plaintiffs have failed to plead sufficient facts to state claims for relief under 42 U.S.C. § 1983 or Article 2 of the Oklahoma Constitution, civil conspiracy, and negligence per se. For the following reasons, Officer Rhoden's motion to dismiss is GRANTED IN PART and DENIED IN PART.

Plaintiffs were students at the school district and members of the high school basketball team. Dkt. 23 at ¶ 28. They allege that Mr. Winters, a school district employee and assistant basketball coach, subjected them to sexual harassment, including inappropriate sexual and lewd comments. *Id.* at ¶¶ 29-30. Plaintiffs also allege that Officer Rhoden had knowledge of Mr. Winters's inappropriate behavior and failed to properly report it or conduct an

independent investigation into the allegations. *Id.* at ¶¶ 44, 130. The question before this Court is whether Plaintiffs' second amended petition, the now-operative pleading, states a viable claim for relief.

When considering this question, this Court must determine whether the pleading contains enough "factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this stage, the Court must accept the Plaintiffs' well-pleaded factual allegations as true and construe them in the light most favorable to the Plaintiffs. *Doe v. Sch. Dist. No. 1, Denver, Colorado*, 970 F.3d 1300, 1304 (10th Cir. 2020) (quoting *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014)). The Court will "'disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable.'" *Doe v. Hutchinson*, 728 F. App'x 829, 832 (10th Cir. 2018) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)).

Officer Rhoden argues that all claims against him should be dismissed for failure to meet the *Iqbal*/*Twombly* plausibility standard. Dkt. 28 at 5-8. He provides alternative arguments as to why each claim should be dismissed. First, Officer Rhoden argues that the § 1983 claims brought against him in his official capacity[1] are duplicative of the claims brought against the school district. Dkt. 28 at 8-9. This Court agrees. Claims brought against an individual in his official capacity are "'only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)); *see also Griffin v. Indep. Sch. Dist. No. 1 of Tulsa Cty., Okla.*, No. 13-

---

[1] Plaintiffs claim that Officer Rhoden was acting as an agent of the school district at all times relevant to Plaintiffs' claims. Dkt. 23 at ¶13. The school allegedly provided him with office space on the school campus, paid $19,500.00 of his annual salary, and had authority to approve his hiring or firing. *Id.* The Court treats Officer Rhoden as an agent of the school district for purposes of this Order and takes no position as to whether he acted as an agent of any other unnamed entity.

CV-0702-CVE-FHM, 2013 WL 6048988, at *3 (N.D. Okla. Nov. 14, 2013) ("If a governmental entity is already a defendant in a lawsuit, then any official capacity claims against its employees are redundant and may be dismissed."). There is no basis for suing Officer Rhoden separately from the school district. Accordingly, Officer Rhoden's motion to dismiss the claims brought against him in his official capacity under § 1983 is GRANTED.

Next, Officer Rhoden argues that Plaintiffs cannot assert claims against him individually under § 1983. Dkt. 28 at 14-24. He claims that Plaintiffs have failed to allege that he affirmatively acted in a way which deprived them of their equal protection and due process rights. *Id.* at 19-22. To state a claim for relief under § 1983, plaintiffs must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *Hall v. Oklahoma Dep't of Human Servs.*, No. 15-CV-0670-CVE-TLW, 2016 WL 2903266, at *3 (N.D. Okla. May 18, 2016) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). "[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under the color of state law, caused the deprivation of a federal right." *Graham*, 473 U.S. at 166. Here, Plaintiffs allege that Officer Rhoden was acting under the color of state law. Dkt. 23 at ¶ 116. The Court must then look to whether Plaintiffs have sufficiently pleaded constitutional violations.

Under the Due Process Clause of the Constitution, students have a property right in public education. *Edwards For & in Behalf of Edwards v. Rees*, 883 F.2d 882, 885 (10th Cir. 1989) (citing *Goss v. Lopez*, 419 U.S. 565 (1975)). Generally, state actors can only be held liable under § 1983 for direct violations of this right. *Isaacs on behalf of Isaacs v. Konawa Pub. Sch. Dist. I-004*, No. CIV-20-358-KEW, 2021 WL 2668802, at *4 (E.D. Okla. June 29, 2021), aff'd sub nom. *Isaacs v. Konawa Pub. Sch.*, No. 21-7016, 2022 WL 1100402 (10th Cir. Apr. 13, 2022) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1182 (10th Cir. 2002), *cert. denied*, 538 U.S. 999 (2003)). State actors will not ordinarily be

3

held responsible when the acts of a third party cause the deprivation. *Id.* There are two recognized exceptions to this general rule. *Sutherlin v. Indep. Sch. Dist. No. 40 of Nowata Cty., Okla.*, 960 F.Supp.2d 1254, 1260 (N.D. Okla. May 13, 2013) (quoting *Armijo By & Through Chavez v. Wagon Mound Pub. Sch.*, 159 F.3d 1253, 1260 (10th Cir. 1998)). The first exception applies when the state actor has a special relationship with the harmed plaintiff. *Id.* The second is when the state actor affirmatively creates the danger which harmed the plaintiff. *Id.*

Here, Plaintiffs' claims against Officer Rhoden arise out of his alleged failure to report or investigate the sexual harassment while acting as the school resource officer. Dkt. 23, ¶44. But Plaintiffs have not alleged a special relationship that would allow Officer Rhoden to be held liable for Mr. Winters's conduct. The 10th Circuit has established that special-relationship claims fail when the state actor is a school district or its employees and the plaintiff is a student because compulsory school-attendance laws "do not spawn an affirmative duty to protect under the Fourteenth Amendment." *Graham v. Indep. Sch. Dist. No. I-89*, 22 F.3d 991, 994 (10th Cir. 1994). Plaintiffs have not sufficiently pleaded a claim for violation of their substantive due process rights under a special-relationship theory.

Nor have Plaintiffs alleged that Officer Rhoden created the danger that led to the harm. The danger-creation theory requires plaintiffs to show, as a threshold matter, that "a state actor 'affirmatively act[ed] to create, or increase[d] a plaintiff's vulnerability to, danger from private violence." *T.D. v. Patton*, 868 F.3d 1209, 1222 (10th Cir. 2017) (quoting *Currier v. Doran*, 242 F.3d 905, 917 (10th Cir. 2001)). Here, Plaintiffs claim Officer Rhoden failed to properly report or conduct an independent investigation into the alleged sexual harassment. Dkt. 23 at ¶44. But "negligence or inaction are not enough to establish affirmative conduct." *Isaacs on behalf of Isaacs*, 2021 WL 2668802, at *5 (citing *Estate of B.I.C. v. Gillen*, 710 F.3d 1168, 1173 (10th Cir. 2013)). Plaintiffs have wholly failed to allege any facts which point to an

affirmative action by Officer Rhoden; they instead focus on his inaction or what he failed to do. Officer Rhoden's motion to dismiss Plaintiffs' substantive due process claim is GRANTED.

As to whether the allegations against Officer Rhoden amount to a violation of the Equal Protection Clause of the Constitution, the 10th Circuit recognizes that "a governmental official or supervisory employee may be held liable under section 1983 upon a showing of deliberate indifference to known sexual harassment." *Murrell v. Sch. Dist. No. 1, Denver*, 186 F.3d 1238, 1250 (10th Cir. 1999). "Deliberate indifference may be shown by a failure to act to halt the misbehavior." *Doe v. Sch. Dist. No. 1, Denver, Colorado*, 970 F.3d 1300, 1314 (10th Cir. 2020) (citing *Davis ex rel. LaShonda D. v. Monroe Cty. Bd. Of Educ.*, 526 U.S. 629, 654 (1999)); *see also Noland v. McAdoo*, 39 F.3d 269, 271 (10th Cir. 1994) (Deliberate indifference may be found where "a supervisor or employer participates in or consciously acquiesces in sexual harassment by an outside third party or by co-workers.").

Plaintiffs have sufficiently pleaded that Officer Rhoden knew of Mr. Winters's alleged sexual harassment and acquiesced in his behavior. *See, e.g.*, *Murell*, 186 F.3d at 1250. In the operative complaint, Plaintiffs claim that Officer Rhoden became aware of Mr. Winters's alleged sexual harassment on November 4, 2019. Dkt. 23 at ¶ 130. Despite this knowledge, Officer Rhoden subsequently failed to report the allegations to the proper authorities or conduct any type of independent investigation into the allegations. Dkt. 23 at ¶ 44. This allegation is sufficient to establish deliberate indifference at this stage of the case. Plaintiffs have sufficiently pleaded a claim under § 1983 for violation of their equal protection rights.

Officer Rhoden argues that, even if Plaintiffs stated an equal protection claim, that claim is barred by the doctrine of qualified immunity. Dkt. 28 at 18-19. He contends that there is no "'clearly established' constitutional right to have Title IX complaints investigated in a manner that meets Plaintiffs'

approval." *Id.* at 19. Plaintiffs maintain that Officer Rhoden had a clearly established duty to report the alleged abuse. Dkt. 34 at 11-12.

Qualified immunity shields public officials "'from damages actions unless their conduct was unreasonable in light of clearly established law.'" *Gutierrez v. Cobos*, 841 F.3d 895, 899 (10th Cir. 2016) (quoting *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014)). Once a defendant asserts qualified immunity, the burden shifts to the plaintiff to show that: (1) the defendant's actions violated a federal constitutional or statutory right, and (2) the right was clearly established at the time of the defendant's unlawful conduct. *Id.* at 900. The court is required to grant qualified immunity if the plaintiff fails to satisfy this burden. *Carabajal v. City of Cheyenne*, 847 F.3d 1203, 1208 (10th Cir. 2017). As discussed above, Plaintiffs have sufficiently pleaded that Officer Rhoden violated their equal protection rights, so the first requirement is satisfied.

A right is considered clearly established where "'a Supreme Court or Tenth Circuit decision [is] on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.'" *Kerns v. Indep. Sch. Dist. No. 31 of Ottawa Cty.*, 984 F.Supp.2d 1144, 1154 (quoting *Cordova v. Aragon*, 569 F.3d 1183, 1192 (10th Cir. 2009)). Existing precedent must "'place[] the statutory or constitutional question beyond debate.'" *Payne v. Vian Pub. Schs.*, No. CIV-18-014-RAW, 2018 WL 4265212, at *2 (E.D. Okla. Sept. 6, 2018) (quoting *Knopf v. Williams*, 884 F.3d 939, 944 (10th Cir. 2018)). The heart of the issue is whether the defendant was "'on notice that the conduct in question could violate the plaintiff's constitutional rights.'" *Kerns*, 984 F. Supp.2d at 1154 (quoting *DeSpain v. Updhoff*, 264 F.3d 965, 979 (10th Cir. 2001)).

Rather than pointing to a 10th Circuit or Supreme Court opinion, Plaintiffs claim that Officer Rhoden was put on notice that his inaction would violate their equal protection rights by Okla. Stat. tit. 10A, § 1-2-101(B)(2), a

statute requiring school employees to report abuse and neglect to the Department of Human Services or local law enforcement. Dkt. 34 at 7-8. Generally, courts grant qualified immunity when the plaintiff fails to cite appropriate authority. *See, e.g.*, *Patterson v. Rural Water Dist. 2*, 438 F.Supp.3d 1258, 1275 (W.D. Okla. 2020). But courts also recognize that "[b]ecause they turn on a fact-bound inquiry, 'qualified immunity defenses are typically resolved at the summary judgment stage' rather than on a motion to dismiss." *Thompson v. Ragland*, 23 F.4th 1252, 1256 (10th Cir. 2022) (quoting *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014)); *see also Buck v. Rhoades*, 598 F.Supp.3d 1181, 1196 (N.D. Okla. 2022) (holding that additional facts are required to "definitively determine whether defendants are entitled to qualified immunity").

The Court has identified several cases establishing that deliberate indifference to reports of alleged sexual harassment can amount to an equal protection violation. *See, e.g., Murrell*, 186 F.3d at 1250; *Doe*, 970 F.3d at 1314; *Noland*, 39 F.3d at 271. In view of this precedent, a reasonable person could determine that Officer Rhoden was on notice that his failure to report or investigate the alleged sexual harassment could violate Plaintiffs' equal protection rights. At this stage, Officer Rhoden is not entitled to qualified immunity. Accordingly, Officer Rhoden's motion to dismiss Plaintiffs' equal protection claim is DENIED.

Officer Rhoden also argues that Plaintiffs' claims brought under Article 2, sections 2 and 7 of the Oklahoma Constitution should be dismissed because Oklahoma law does not afford a private right of action for state constitutional violations. Dkt. 28 at 12 (citing *Barrios v. Haskell Cty. Pub. Facilities Auth.*, 432 P.3d 233, 238 (Okla. 2018)). The Court agrees. In *Bosh v. Cherokee Cty. Bldg. Auth.*, the Oklahoma Supreme Court opened the door for a potential private right of action under Article 2, section 30 of the Oklahoma Constitution for excessive force. 305 P.3d. 994, 1001 (Okla. 2013). But *Bosh* has since been construed to agree with prior interpretations of Oklahoma law in finding a private right of action against Oklahoma governmental entities

only.[2] Because Officer Rhoden is an individual and not a governmental entity, his motion to dismiss the Oklahoma Constitutional claims is GRANTED with prejudice.

Moving to the civil conspiracy claim, Officer Rhoden argues that it should be dismissed because Plaintiffs fail to identify a shared plan between the Defendants or that he "was acting in a coordinated manner" with other Defendants. Dkt. 28 at 13-14. Plaintiffs respond that they have specifically pleaded that Officer Rhoden and the other named Defendants acted together to abrogate Okla. Stat. tit. 10A, § 1-2-101(B)(2). Dkt. 34 at 8. To properly assert a conspiracy claim, the plaintiff must "allege specific facts showing an agreement and concerted action amongst the defendants," and "the manner in which the conspiracy operated." *Montgomery v. City of Ardmore*, 365 F.3d 926, 940 (10th Cir. 2004). "A conclusory allegation of agreement or an allegation of parallel conduct does not satisfy federal pleading requirements." *Hicks v. FG Minerals LLC*, No. CIV-19-203-TDD, 2020 WL 4004804, at *7 (E.D. Okla. July 15, 2020) (citing *Twombly*, 550 U.S. at 557); *see also Snell v. Tunnel*, 920 F.2d 673, 702 (10th Cir. 1990) (plaintiffs must show "that there was a single plan, the essential nature and scope of which was known to each person who is to be held responsible for its consequences").

Alleging that the Defendants "had a meeting of the minds to circumvent the state law" and to "protect Trent Winters and OTPS from criminal

---

[2] *See Carter v. Davis*, No. 14-CV-178-JED-FHM, 2019 WL 4655901, at *10 (N.D. Okla. Sept. 24, 2019) ("*Bosh* addressed respondeat superior liability and did not purport to create individual liability."); *Lynch v. Bd. Of Cty. Comm'rs of Muskogee Cty., Oklahoma ex rel. Muskogee Cty. Sheriff's Dept.*, No. CIV-16-247-JHP, 2018 WL 1417172, at *11 (E.D. Okla. Mar. 21, 2018) ("[T]he *Bosh* opinion only held that Oklahoma **governmental entities** can be held liable for . . . violation of the Oklahoma Constitution under a theory of *respondeat superior*, not individual officers . . . ."), *rev'd on other grounds*, 786 F. App'x 774 (10th Cir. 2019); *Koch v. Juber*, No. CIV-13-0750-HE, 2014 WL 2171753, at *3 (W.D. Okla. May 23, 2014) (holding that *Bosh* does not extend liability beyond the employer for violation of the Oklahoma Constitution).

charges" is merely a conclusory statement and does not satisfy the pleading standard for a civil conspiracy claim. Dkt. 23 at ¶¶ 157-58; *see Driskill v. City of Ada, Okla.*, No. CIV-09-037-RAW, 2009 WL 10733507, at *3 (E.D. Okla. June 19, 2009) ("Here, the complaint contains nothing more than conclusory allegations that a civil conspiracy exists, which is not enough to satisfy the requirement of 'concerted action.'"). Because Plaintiffs fail to allege any facts which would demonstrate that there was a plan to circumvent a statute and that this plan was known by each individual defendant, including Officer Rhoden, *Snell*, 920 F.2d at 702, Officer Rhoden's motion to dismiss the civil conspiracy claim is GRANTED.³

Last, Officer Rhoden argues that Jane Doe No. 2's negligence per se claim should be dismissed because Okla. Stat. tit. 10A, § 1-2-101(B)(2) does not apply to him. Dkt. 28 at 10-11. Jane Doe No. 2 responds that the statute was enacted to prevent tortfeasors such as Mr. Winters from abusing or harassing students. Dkt. 34 at 5. A negligence per se claim requires a showing that (1) the plaintiff was injured by the violation of a statute, (2) the injury was the type intended to be prevented by the statute; and (3) the plaintiff was a member of the class meant to be protected by the statute. *Romero v. City of Miami*, 8 F.Supp.3d 1321, 1333 (N.D. Okla. 2014) (quoting *Busby v. Quail Creek Golf & Country Club*, 885 P.2d 1326, 1329 (Okla. 1994)).

The Court holds that Jane Doe No. 2 has not satisfied the first element because she has failed to sufficiently plead that Officer Rhoden violated the statute. The statute requires "[e]very school employee having reason to believe that a student under the age of eighteen (18) years is a victim of abuse or neglect shall report the matter immediately to the Department of Human

---

³ Officer Rhoden's motion to dismiss initially concedes that a civil conspiracy claim necessarily falls outside the umbrella of immunity provided by the Oklahoma Governmental Tort Claims Act. Dkt. 28 at 13. He then reverses course in his Reply. Dkt. 36 at 6. Because the civil conspiracy claim has not been sufficiently pleaded, the Court does not analyze Officer Rhoden's forfeited argument raised in Reply.

Services and local law enforcement." Okla. Stat. tit. 10A, § 1-2-101(B)(2)(a). Under the Oklahoma Children's Code, Okla. Stat. tit. 10A, § 1-1-101, *et seq.*, abuse is defined as "harm or threatened harm to the health, safety, or welfare of a child by a person responsible for the child's health, safety, or welfare . . . ." Okla. Stat. tit. 10A, § 1-1-105(2). Importantly, a person who is responsible for a child's health, safety, or welfare is defined as

> a parent; legal guardian; custodian; a foster parent; a person eighteen (18) years of age or older with whom the child's parent cohabitates or any other adult residing in the home of the child; an agent or employee of a public or private residential home, institution, facility or day treatment program…or an owner, operator, or employee of a child care facility….

*Id.* at § 1-1-105(53).

No facts have been alleged which would identify Mr. Winters, the assistant basketball coach, as a person responsible for Jane Doe No. 2's health, safety, or welfare as defined by the Oklahoma Children's Code. *See, M.C. v. Hollis Indep. Sch. Dist. No. 66 of Harmon Cty, Okla.*, No. CIV-15-343-C, 2017 WL 1102680, at *5-6 (W.D. Okla. Mar. 23, 2017). Thus, facts have not been sufficiently pleaded to form an inference that Officer Rhoden violated the statute which forms the basis for Jane Doe No. 2's negligence per se claim. Officer Rhoden's motion to dismiss Jane Doe No. 2's negligence per se claim is GRANTED.

IT IS THEREFORE ORDERED that Officer Rhoden's motion to dismiss [Dkt. 28] is hereby GRANTED IN PART and DENIED IN PART: it is granted as to Plaintiffs' 42 U.S.C. § 1983 claims brought against Officer Rhoden in his official capacity, the substantive due process claim brought against Officer Rhoden as an individual, claims brought for violation of the Oklahoma Constitution, the civil conspiracy claim, and Jane Doe No. 2's negligence per se claim; it is denied as to Plaintiffs' equal protection claim brought under 42 U.S.C. § 1983.

No. 21-CV-240

DATED this 29th day of March 2024.

_____
JOHN D. RUSSELL
*United States District Judge*