# United States District Court
## for the Northern District of Oklahoma

---

Case No. 21-CV-240-JDR-SH

---

Jane Doe No. 2; Jane Doe No. 3,

*Plaintiffs*,

*versus*

Oologah-Talala Independent School District No. 4 of Rogers County, Oklahoma, *also known as* Oologah-Talala Public Schools; *et al.*,

*Defendants*.

---

## OPINION AND ORDER

---

Plaintiffs Jane Doe No. 2 and Jane Doe No. 3 allege that Defendant Trent Winters subjected them to sexual harassment while they were students at Oologah-Talala Independent School District No. 4. Mr. Winters has moved to dismiss the operative complaint [Dkt. 31], arguing that Plaintiffs have failed to plead sufficient facts to state claims for relief under 42 U.S.C. § 1983 or Article 2 of the Oklahoma Constitution, assault, battery, intentional infliction of emotional distress, and negligence per se.[1] For the following reasons, Mr. Winters's motion to dismiss is GRANTED IN PART and DENIED IN PART.

---

[1] Mr. Winters also asks the Court to dismiss Plaintiffs' request for punitive damages. Dkt. 31 at 10. But "a request for punitive damages constitutes a prayer for relief, not a separate cause of action." *Atlantis Car Care, Inc. v. Phoenix Ins. Co.*, No. CIV-19-524-D, 2019 WL 3892867, at *1, n.1 (W.D. Okla. Aug. 19, 2019) (citing *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 901 (10th Cir. 2011)). Thus, Plaintiffs' request for actual and punitive damages is not subject to Rule 12(b)(6) scrutiny. *Id.*

No. 21-CV-240

Plaintiffs were students at the school district and members of the high school basketball team. Dkt. 23 at ¶ 28. They allege that Mr. Winters, a school district employee and assistant basketball coach, subjected them to sexual harassment, including inappropriate sexual and lewd comments. *Id.* at ¶¶ 29-30. Jane Doe No. 2 also alleges that Mr. Winters touched her inappropriately. *Id.* at ¶ 29. The question before this Court is whether Plaintiffs' second amended complaint, the now operative pleading, states a viable claim for relief.

When considering this question, a court must determine whether the pleading contains enough "factual matters, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this stage, the court must accept Plaintiffs' well-pleaded factual allegations as true and construe them in the light most favorable to the Plaintiffs. *Doe v. School Dist. No. 1, Denver, Colorado*, 970 F.3d 1300, 1304 (10th Cir. 2020) (quoting *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014)). The Court will "'disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable.'" *Doe v. Hutchinson*, 728 F. App'x 829, 832 (10th Cir. 2018) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)).

Mr. Winters makes the overarching argument that all claims against him should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs' operative complaint contains "[n]o evidence to support conclusions . . . that Mr. Winters made inappropriate sexual and/or lewd comments and/or engaged in inappropriate touching" and "does not allege any specific dates or times" as to when the alleged sexual harassment occurred. Dkt. 31 at 3, 5-6. Plaintiffs respond that evidence is not required to survive a motion to dismiss. Dkt. 35 at 4.

The Court holds that Plaintiffs' second amended complaint provides enough detail to satisfy the Rule 12(b)(6) standard. Plaintiffs provide a

No. 21-CV-240

timeframe in which the alleged conduct took place [Dkt. 23 at ¶ 28], the location [*Id.* at ¶ 29-30], witnesses [*Id.* at 32], and a description of the alleged conduct [*Id.* at 29-30]. These allegations, taken as true, sufficiently state a claim upon which relief can be granted. Mr. Winters's motion to dismiss all claims against him based on insufficient pleadings is therefore DENIED.

Mr. Winters also provides alternative arguments as to why each claim should be dismissed. First, Mr. Winters argues that the claims brought against him in his official capacity under 42 U.S.C. § 1983 are duplicative of the claims brought against the school district.[2] Dkt. 31 at 5. In their response, Plaintiffs "concede that generally suing the individual defendants in their official capacity, which makes up the entity that is also named[,] can be duplicative." Dkt. 35 at 5 (quoting *Brashear v. Tulsa Cty. Bd. Of Comm'rs*, No. 15-CV-473-GKF-PJC, 2016 WL 633374, at *4 (N.D. Okla. Feb. 17, 2016)). Relying on *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296 (10th Cir. 2003), Plaintiffs ask the Court to deny the motion to dismiss the federal claims brought against Mr. Winters in his official capacity because they assert that this is the only avenue for them to pursue punitive damages. Dkt. 35 at 5-6.

Courts routinely hold that claims brought against an individual in his official capacity are "only another way of pleading an action against an entity of which an officer is an agent." *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)); *see also Griffin v. Indep. Sch. Dist. No. 1 of Tulsa Cty., Okla.*, No. 13-CV-702-CVE-FHM, 2013 WL 6048988, at *3 (N.D. Okla. Nov. 14, 2013) ("If a governmental entity is already a defendant in a lawsuit, then any official capacity claims against its employees are redundant and may be dismissed."). Plaintiffs' reliance on *Youren* is misplaced because, there, the plaintiff brought

---

[2] Mr. Winters argues that he has immunity under the Oklahoma Governmental Tort Claims Act. Dkt. 31 at 7. But "[c]onduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law." *Tiemann v. Tul-Center, Inc.*, 18 F.3d 851, 853 (10th Cir. 1994) (quoting *Howlett ex rel. Howlett v. Rose*, 496 U.S. 356, 376 (1990)).

No. 21-CV-240

claims against an employee in her official capacity only. 343 F.3d at 1306. But here, Plaintiffs have brought claims against Mr. Winters both in his official capacity and his individual capacity. Dkt. 23, ¶¶ 114-134. Dismissing the official capacity claim does not prevent Plaintiffs from seeking punitive damages against Mr. Winters in his individual capacity. *See Doe by Doe v. Washington Pub. Schs.*, No. CIV-18-0271-F, 2018 WL 11350493, at *5 (W.D. Okla. June 11, 2018) ("It is well established that individuals sued in their individual capacities may be liable for punitive damages under § 1983." (citing *Smith v. Wade*, 461 U.S. 30, 56 (1983))). Accordingly, Mr. Winters's motion to dismiss the claims brought against him in his official capacity under 42 U.S.C. § 1983 is GRANTED.

Next, Mr. Winters argues that Plaintiffs cannot assert claims under 42 U.S.C. § 1983 for violations of equal protection and due process rights because the "allegations do not state a violation of Plaintiffs' constitutional rights."[3] Dkt. 40 at 5. To state a claim for relief under § 1983, plaintiffs must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *Hall v. Oklahoma Dept. of Human Servs.*, No. 15-CV-0670-CVE-TLW, 2016 WL 2903266, at *3 (N.D. Okla. May 18, 2016) (citing *West*, 487 U.S. at 48). "[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under the color of state law, caused the deprivation of a federal right." *Graham*, 473 U.S. at 166. Here, Plaintiffs allege that Mr. Winters was acting under the color of state law. Dkt. 23 at ¶ 116.

As to whether Mr. Winters's actions violated a right secured by the Constitution, the 10th Circuit recognizes that sexual harassment "can violate the Fourteenth Amendment right to equal protection of the laws." *Starrett v.*

---

[3] Mr. Winters also argues that the 42 U.S.C. §1983 claims cannot be brought against him individually. Dkt. 31 at 6-8. But it is well established that "§ 1983 equal protection claims may be brought against individuals . . . ." *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009) (citing *West v. Atkins*, 487 U.S. 42, 48-51 (1988)).

No. 21-CV-240

*Wadley*, 876 F.2d 808, 814 (10th Cir. 1989); *see Sh.A. ex rel. J.A. v. Tucumcari Mun. Schs.*, 321 F.3d 1285, 1288 (10th Cir. 2003) ("[T]he law holding that sexual harassment is actionable as an equal protection violation has long been clearly established."). Additionally, sexual assault or molestation by a teacher may violate a student's substantive due process rights depending on the facts of the case. *See Abeyta By & Through Martinez v. Chama Valley Indep. Sch. Dist., No. 19*, 77 F.3d 1253, 1255 (10th Cir. 1996); *see also Maldonado v. Josey*, 975 F.2d 727, 730-731 (10th Cir. 1992) ("In the . . . sexual abuse contexts, a state actor directly inflicts the harm on the student and thereby implicates the Due Process Clause . . . ."). Because Plaintiffs have sufficiently pleaded claims under 42 U.S.C. § 1983 for violation of their equal protection and substantive due process rights, Mr. Winters's motion to dismiss this claim is DENIED.[4]

Mr. Winters also argues that Plaintiffs' claims brought under Article 2, sections 2 and 7 of the Oklahoma Constitution should be dismissed because Oklahoma law does not afford a private right of action for these types of claims. Dkt. 31 at 10. In *Bosh v. Cherokee Cty. Bldg. Auth.*, the Oklahoma Supreme Court opened the door for a potential private right of action under Article 2, section 30 of the Oklahoma Constitution for excessive force. 305 P.3d 994, 1001 (Okla. 2013). But *Bosh* has since been construed to find a private right of action against Oklahoma governmental entities only.[5] Because Mr.

---

[4] The Court does not discuss the viability of the same claim brought under a danger creation theory [Dkt. 23 at ¶¶ 135-45]. *See, e.g., Misco Leasing, Inc. v. Keller*, 490 F.2d 545, 548 (10th Cir. 1974) ("[I]t is not necessary to allege the particular . . . theory under which recovery is sought.").

[5] *See Carter v. Davis*, No. 14-CV-178-JED-FHM, 2019 WL 4655901, at *10 (N.D. Okla. Sept. 24, 2019) ("*Bosh* addressed respondeat superior liability and did not purport to create individual liability."); *Lynch v. Bd. Of Cty. Comm'rs of Muskogee Cty., Oklahoma ex rel. Muskogee Cty. Sheriff's Dept.*, No. CIV-16-247-JHP, 2018 WL 1417172, at *11 (E.D. Okla. Mar. 21, 2018) ("[T]he *Bosh* opinion only held that Oklahoma **governmental entities** can be held liable for . . . violation of the Oklahoma Constitution under a theory of *respondeat superior*, not individual officers . . . ."), *rev'd on other grounds*, 786 F. App'x 774 (10th Cir. 2019); *Koch v. Juber*, No. CIV-13-0750-HE, 2014 WL 2171753, at *3 (W.D. Okla. May 23, 2014) (holding that *Bosh* does not extend liability beyond the employer for violation of the Oklahoma Constitution).

No. 21-CV-240

Winters is an individual and not a governmental entity, his motion to dismiss the Oklahoma Constitutional claims is GRANTED.

Moving to claims brought under Oklahoma law[6], Jane Doe No. 2 alleges claims for assault and battery against Mr. Winters individually. Dkt. 23 at ¶¶ 180-186. Mr. Winters argues that these claims are barred by the applicable statute of limitations which requires actions for assault and battery to be brought within one year from the time the cause of action accrued. Dkt. 31 at 10-12 (citing Okla. Stat. tit. 12, § 95(A)(4)). This case was originally filed in state court on November 25, 2020. Dkt. 35 at 11. Jane Doe No. 2 alleges Mr. Winters "inappropriately touched [her] body and/or private parts" during the school years ranging from 2018-2019 and 2019-2020. Dkt. 23 at ¶¶ 28-29. Jane Doe No. 2 has asserted enough information to suggest that her assault and battery claims were brought within the one-year statute of limitations.[7] Mr. Winters's motion to dismiss the assault and battery claims based on the statute of limitations is DENIED.[8]

Jane Doe No. 2 also brings a claim for intentional infliction of emotional distress. To state a claim for relief, she must show that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous, (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the emotional distress was severe. *See, e.g., Estate of Trentadue ex rel. Aguilar v. U.S.*, 397 F.3d 840, 855-56 (10th Cir. 2005) (citing *Daemi v. Church's Fried Chicken, Inc.*, 931 F.2d 1379, 1287 (10th Cir. 1991) (applying Oklahoma law)). Jane Doe No. 2 has sufficiently pleaded the first

---

[6] Although Jane Doe No. 3 is listed as bringing a claim for intentional infliction of emotional distress [Dkt. 23 at 35] and negligence per se [Dkt. 23 at 35], the operative complaint states that "Jane Doe No. 3 is not making state law tort claims in this suit." Dkt. 23 at ¶ 15. Thus, the Court only reviews the state law tort claims brought by Jane Doe 2.

[7] The Court accepts Plaintiff's well-pleaded facts as true and construes them in a light most favorable to her. *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014).

[8] Discussion of tolling the statute of limitations based on Jane Doe No. 2's status as a minor is not required at this stage in the proceedings.

No. 21-CV-240

element by stating that Mr. Winters acted intentionally and/or recklessly. Dkt. 23 at ¶ 192. Additionally, she has sufficiently pleaded the third element, alleging that Mr. Winters caused her emotional distress. *Id.*

As to the fourth element, Jane Doe No. 2 claims that, because of Mr. Winters's harassment, she has "suffered from low self-esteem, depression, an eating disorder, physical sickness and other psychological and emotional issues." Dkt. 23 at ¶ 68. She was also "severely traumatized, beyond which a reasonable female student could be expected to endure" and Mr. Winters's actions caused her emotional distress. Dkt. 23 at ¶¶ 191-192. The Court finds that these allegations raise Jane Doe No. 2's "right to relief above the mere speculative level" and are properly pleaded. *Miles v. Washington*, No. CIV-08-166-JHP, 2009 WL 259722, at *6 (E.D. Okla. Feb. 2, 2009) (allowing intentional infliction of emotional distress claim to proceed where plaintiff claimed "she suffered severe emotional distress ").

In considering the second element, which serves as the threshold for the viability of an intentional infliction of emotional distress claim, the Court must determine whether "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Miller v. Miller*, 956 P.2d 887, 901 (Okla. 1998) (quoting *Breeden v. League Servs. Corp.*, 575 P.2d 1374 (Okla. 1978)). "[W]hether the tortfeasor's conduct was extreme and outrageous must be considered in the setting in which the conduct occurred." *Estate of Trentadue ex rel. Aguilar*, 397 F.3d at 856. When considering the setting or context, "conduct may be characterized as extreme and outrageous in part due to the alleged tortfeasor's abuse of a position of actual or apparent authority over the injured party." *Daemi*, 931 F.2d at 1388 (citing *Breeden*, 575 P.2d at 1377).

Here, Jane Doe No. 2 alleges that Mr. Winters "made inappropriate sexual and/or lewd comments and inappropriately touched [her] body and/or private parts . . . while on the OTPS high school campus, during school

No. 21-CV-240

sponsored activities and/or during school hours." Dkt. 23 at ¶ 29-30. These comments included statements about Jane Doe No. 3's "buttocks and wanting 'to get with' Jane Doe No. 3." *Id.* at ¶ 34. Mr. Winters also allegedly made comments to minor female students regarding his preferred condoms, his wife's sexual history, and his own sexual history. *See* Dkt. 23-1.[9]

Mr. Winters asks the Court to consider whether these "statements would be viewed as intolerable if made to high school males, instead of females." Dkt. 31 at 12. This argument is irrelevant, as Mr. Winters did not make these comments to high school males, nor would it make a difference in the Court's analysis given that he was a teacher and the other parties were minor students. Taking Jane Doe No. 2's allegations in the second amended complaint as true, Mr. Winters discussed his sexual preferences and sexual history with minor students either during school hours or at school sponsored activities. A reasonable person could certainly find this behavior to be extreme and outrageous, especially considering Mr. Winters's authority over Jane Doe No. 2.[10] Accordingly, Jane Doe No. 2 has satisfied the pleading standard for element two. Mr. Winters's motion to dismiss the intentional infliction of emotional distress claim is DENIED.

---

[9] The Court reviewed the exhibits attached to Plaintiffs' second amended complaint because, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[10] *See, e.g., Doe v. USD No. 237*, No. 16-2801-JWL, 2019 WL 5576929, at *7 (D. Kan. Oct. 29, 2019) (holding that a jury could reasonably find "crude comments of a sexual nature" by a teacher in a position of authority to be extreme and outrageous); *see also M.C. v. Hollis Indep. Sch. Dist. No. 66 of Harmon Cty., Okla.*, No. CIV-15-343-C, 2017 WL 1102680, at *7 (W.D. Okla. Mar. 23, 2017) (a sexual relationship between teacher and student was "sufficiently outrageous" to survive summary judgment); *see also Elizabeth S. v. Okla. City Pub. Schs.*, No. CIV-08-105-M., 2008 WL 4147572, at *4 (W.D. Okla. Sept. 3, 2008) (where teacher inappropriately hugged, sexually groped, and forced a student to perform sexual acts, conduct was sufficiently extreme and outrageous to survive a motion to dismiss).

No. 21-CV-240

Last, Mr. Winters argues that Jane Doe No. 2 has failed to assert a claim for negligence per se based on his alleged violation of an Oklahoma statute. Dkt. 23 at ¶¶ 195-99. As a threshold matter "[n]ot every statute or regulation can be used to provide a tort duty, and Oklahoma law requires that the statute must impose a positive objective standard that is 'fixed' and 'the same in all circumstances.'" *Armstrong v. Health Care Serv. Corp.*, No. 22-CV-377-CVE-JFJ, 2023 WL 359519, at *4 (N.D. Okla. Jan. 23, 2023) (quoting *Smith v. Barker*, 419 P.3d 327, 333 (Okla. Civ. App. 2017)). The statute Jane Doe No. 2 seeks to use for her negligence per se claim prohibits "obscene or lascivious language or word in any public place, or in the presence of females, or in the presence of children under ten (10) years of age." Okla. Stat. tit. 21, § 906. The Court holds that "obscene or lascivious language" is not a positive objective standard that would remain the same in all circumstances. *See Conway v. Lone Star Transportation, LLC*, No. 19-CV-0658-CVE-FHM, 2020 WL 609750, at *3 (N.D. Okla. 2020) (holding that "[d]riving a vehicle 'in willful or wanton disregard for the safety of persons or property' is not a positive objective standard" (quoting *Smith*, 419 at 333)). Mr. Winters's motion to dismiss Jane Doe No. 2's negligence per se claim is GRANTED.

IT IS THEREFORE ORDERED that Mr. Winters's motion to dismiss [Dkt. 31] is hereby GRANTED IN PART and DENIED IN PART: it is granted as to Plaintiffs' 42 U.S.C. § 1983 claims brought against Mr. Winters in his official capacity, claims brought for violation of the Oklahoma Constitution, and Jane Doe No. 2's negligence per se claim; it is denied as to Plaintiffs' 42 U.S.C. § 1983 claims brought against Mr. Winters individually, Jane Doe No. 2's assault and battery claims, and her intentional infliction of emotional distress claim.

DATED this 29th day of March 2024.

JOHN D. RUSSELL
*United States District Judge*